**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PANAGIOTA APOSTOLIDIS, | : | Civil No. 1:22-CV-02026 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HERSHEY ENTERTAINMENT & | : | |
| RESORTS COMPANY d/b/a MELTSPA | : | |
| BY HERSHEY, SHIAN WING, AND | : | |
| SAMANTHA FISHER, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Pending before the court is a motion filed by Defendants Hershey

Entertainment & Resorts Company d/b/a MeltSpa by Hershey ("HERCO"), Shian

Wing ("Wing"), and Samantha Fisher ("Fisher") (collectively, "Defendants"),

seeking to dismiss aspects of Counts I, IV, V, VI, and VII of the complaint filed by

Plaintiff Panagiota Apostolidis ("Apostolidis") pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  (Doc. 8.)  For the reasons that follow, the court

will grant the motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Apostolidis filed a complaint against Defendants on December 20, 2022.

(Doc. 1.)  The complaint alleges that Apostolidis is an adult individual residing in

Palmyra, Lebanon County, Pennsylvania.  (*Id.* ¶ 5.)  HERCO is a Pennsylvania

corporation organized under the laws of the Commonwealth of Pennsylvania, with

a principal place of business at 27 W. Chocolate Avenue, Hershey, Pennsylvania 17033.  (*Id.* ¶ 6.)  HERCO does business as MeltSpa by Hershey ("MeltSpa"), with a principal place of business at 11 E. Chocolate Avenue, Hershey, Pennsylvania 17033, providing salon and spa treatment services.  (*Id.* ¶ 7.)

According to the complaint, Apostolidis was hired by HERCO as a full-time Lead Esthetician in August of 2017.  (*Id.* ¶ 10.)  In this position, Apostolidis was primarily responsible for providing spa treatment services to clients.  (*Id.*)  Wing was employed during all times relevant to this case as the Director of MeltSpa. (*Id.* ¶ 8.)  Fisher was employed during all relevant times to this case as the Manager of MeltSpa. (*Id.* ¶ 9.)  According to the complaint, Apostolidis was terminated from her employment with HERCO on September 30, 2021.  (*Id.* ¶ 11.)

The complaint alleges that Apostolidis's teenage son suffered a seizure in August of 2021.  (*Id.* ¶ 16.)  As a result of his seizure, Apostolidis's son required additional assistance when not in school.  (*Id.*)  In August of 2021, following her son's seizure, Apostolidis informed management and Human Resources at HERCO of her son's medical condition.  (*Id.* ¶ 17.)  On August 24, 2021, Apostolidis emailed Wing about contacting Human Resources to request leave pursuant to the Family Medical Leave Act ("FMLA") in order to care for her son. (*Id.* ¶ 18.)  In her email, Apostolidis informed Wing that she expected to return to

work the following week due to scheduling of testing and medical appointments. (*Id.* ¶ 19.)

The complaint alleges that Apostolidis then emailed Wing on August 31, 2021, to request an accommodation in the form of a schedule modification to work Monday through Friday, rather than her regular Sunday through Thursday schedule. (*Id.* ¶ 20.) Apostolidis also emailed Krystal L. King ("King") of Human Resources, and Bill Hendrix, about whom no further information is provided, regarding the possibility of changing to part-time status to meet the demands of caring for her son. (*Id.* ¶ 23.) The complaint alleges that Wing informed Apostolidis that she was required to work Saturday or Sunday and to work five eight-hour days per week in order to maintain full-time status. (*Id.* ¶ 24.) Apostolidis alleges that she completed an accommodation request form and, shortly thereafter, King and Wing contacted her to inform her that she did not qualify for an accommodation under the Americans with Disabilities Act ("ADA") because the accommodation request was not related to her disability. (*Id.* ¶¶ 28, 30.)

According to the complaint, Apostolidis informed Fisher on September 29, 2021, that she was going to begin looking for other work to accommodate her son's care and treatment, and that she would give sufficient and appropriate notice to HERCO when she found new employment. (*Id.* ¶ 32.) The complaint alleges

3

that Apostolidis reported to work the next day on September 30, 2021 and discovered that she had only been scheduled for one shift for the following two weeks, on Monday, October 4, 2021.  (*Id.* ¶ 33.)  Apostolidis alleges that she asked Fisher to explain her reduced schedule, at which point Apostolidis was told that she had resigned, and that Monday, October 4, 2021, was her last day of employment with HERCO.  (*Id.* ¶ 34.)

On December 20, 2022, Apostolidis filed her complaint.  (Doc. 1.)  The complaint alleges a violation of the ADA, 42 U.S.C. § 12101, *et seq.*, through association discrimination (Count I); violation of and interference with rights protected under the FMLA, 29 U.S.C. § 2601, *et seq.* (Count II); violation of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. Ann. § 2601.1, *et seq.* (Count III); violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 (Count IV); retaliation (Count V); breach of confidentiality (Count VI); and defamation (Count VII).  (*Id.*)

Defendants filed the instant partial motion to dismiss and a brief in support on February 21, 2023.  (Docs. 8, 9.)  In their motion, Defendants move to dismiss Count I with respect to Wing and Fisher, Count IV in its entirety, Count V insofar as it is brought against Wing and Fisher under the ADA and brought against all Defendants under the ADA or Pennsylvania public policy, and Counts VI and VII in their entirety.  (Doc. 8.)  Apostolidis filed a brief in opposition on April 6, 2023.

(Doc. 16.)  Defendants filed a reply brief on May 4, 2023.  (Doc. 19.)  Thus, this

motion is ripe for review.

## JURISDICTION

This court has federal question jurisdiction over certain counts in the

complaint, as there are claims asserted pursuant to federal law.  *See* 28 U.S.C. §

1331.  This court has supplemental jurisdiction over the state law claims pursuant

to 28 U.S.C. § 1367.  Venue is proper under 28 U.S.C. 1391.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

*Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint

survives a motion to dismiss, a court identifies "the elements a plaintiff must plead

to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

### A. The court will dismiss Count I with respect to Wing and Fisher.

In Count I, Apostolidis alleges that she was terminated from her employment at HERCO because she requested a reasonable accommodation related to her son's medical condition and treatment. (Doc. 1, ¶ 42.) Although Apostolidis does not specify against which Defendants she asserts her ADA claims, Defendants argue that her ADA claims should be dismissed insofar as they are raised against Wing and Fisher. (Doc. 9, p. 12.)[1] This is warranted, they argue, because individual liability is not available under the ADA. (*Id.*)

Apostolidis admits that "[t]he overwhelming majority of courts within the Third Circuit to have examined the issue have concluded that there is no individual liability under the ADA." (Doc. 16, p. 13 (citing *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002)).) Apostolidis concedes that Wing and Fisher may not be held liable under the ADA. Based on Plaintiff's concession, the court will dismiss Count I as it applies to Wing and Fisher.[2]

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] Apostolidis alleges that, although Wing and Fisher cannot be held liable under the ADA, they can be held liable under the Pennsylvania Human Rights Act ("PHRA"). (Doc. 16, p. 14.) Apostolidis's complaint did not include a formal count under the PHRA, due to a scrivener error. (*Id.* at 15.) For that reason, she requests leave to amend her complaint. Of note, "a complaint

**B. The court will dismiss Count IV.**

Count IV of the complaint alleges that HERCO remitted to Apostolidis only 17% of the 20% tip that MeltSpa clients are required to pay.  (Doc. 1, ¶¶ 85–86.) Further, Apostolidis alleges that under the FLSA she is entitled to the payment of liquidated damages equal to the amount of back wages owed as a result of HERCO's failure to properly remit tip income to Apostolidis.  (*Id.* ¶ 89.)

Defendants argue that Apostolidis's FLSA claim should be dismissed because the FLSA only provides for wage recovery of minimum wage and overtime violations.  (Doc. 9, p. 13–15.)  Apostolidis contends that it is sufficient for her to allege that HERCO withheld money paid by its clients, or alternatively, that her claim would be sufficiently pleaded if she were granted leave to amend to change the language in the complaint to "service charge."  (Doc. 16, p. 16–17.)

Defendants correctly note that the Third Circuit and district courts within this circuit have found that the FLSA does not provide a means of recovery for tips or service charges not remitted to an employee so long as the employee is paid the required minimum wage.  *See Lopez v. Tri-State Drywall, Inc.*, 861 F. Supp. 2d 533, 536 (E.D. Pa. 2012) ("the FLSA does not create liability for unpaid non-

---

may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).  But the court will consider Apostolidis's allegations later in this memorandum when determining whether it should dismiss her complaints with or without prejudice.  To properly seek leave to amend her complaint, Apostolidis must follow the procedures provided in Local Rule 15.1.

overtime compensation for an employee who was paid at least the minimum wage, even if the employee was paid less than his hourly rate."); *Livi v. Hyatt Hotels Corp.*, 751 F. App'x 208, 210–11 (3d Cir. 2018) (holding that an employee was not entitled to banquet service charges under the FLSA when the employee's regular rate of pay was more than time and one-half times the required minimum wage). Defendants identify Sections 206 and 207 of the FLSA, noting that employees must be paid a required minimum wage and must be compensated for overtime hours. 29 U.S.C. §§ 206–207.

Apostolidis does not allege that she was paid less than minimum wage or that the service charge payments were necessary for her payment to reach the required minimum wage. (Doc. 16, p. 15–16.) Neither does she allege that she was not paid a rate of time and one-half for overtime worked. (*Id.*)[3] Lastly, she provides no authority to suggest that she may bring an FLSA claim on any basis other than an employer's failure to pay minimum wage or overtime. (*Id.*) Therefore, the court will dismiss Count IV.

---

[3] Apostolidis seeks leave to amend her complaint to change her allegations about "tip[s]" to "service charge[s]," while she also argues that the difference is "a matter of semantics." (Doc. 16, p. 16.) Although the FLSA differentiates between tips and services charges, that distinction is irrelevant to her claim as she has alleged neither failure to receive minimum wage nor failure to be paid overtime.

**C. The court will dismiss Count V insofar as it is raised against Wing and Fisher for ADA retaliation and insofar as it is brought against Defendants under the FLSA or Pennsylvania public policy.**

In the complaint, Apostolidis alleges retaliation in violation of the ADA, the FLSA, and Pennsylvania public policy. (Doc. 1, ¶ 102.) The court will dismiss the ADA violation retaliation claims insofar as they are directed towards Wing and Fisher. The court will also dismiss the FLSA retaliation claims and the retaliation claims based on Pennsylvania public policy.

### 1. ADA retaliation claim against Wing and Fisher

In her complaint, Apostolidis asserts that her employment at HERCO was terminated in retaliation for her request for accommodation under the ADA. (Doc. 1, ¶ 102.) Defendants argue that Apostolidis's ADA retaliation claim should be dismissed insofar as it is directed toward Wing and Fisher because individual liability is not available under the ADA. (Doc. 9, p. 17.) Apostolidis concurs. (Doc. 16, p. 18.) Therefore, the court will dismiss Count V insofar as it raises an ADA retaliation claim against Wing and Fisher.

### 2. Retaliation claim in violation of the FLSA

Apostolidis alleges that she was intentionally terminated by Fisher and HERCO as a result of her complaints regarding HERCO's failure to provide promised benefits under the Pennsylvania Wage Payment and Collection Law

("PWPCL") and the FLSA.  (Doc. 1, ¶ 102.)  At issue here is Apostolidis's claim as it relates to the FLSA.

Defendants argue that, under 29 U.S.C. § 215(a)(3), FLSA retaliation claims only protect retaliation for complaints or proceedings "under or related to this Act."  (Doc. 29, p. 17.)  Defendants further argue that, because Apostolidis did not make any complaint, or take other covered action, related to minimum wage or overtime pay, her conduct was not protected under the FLSA, and therefore her FLSA retaliation claim fails.  (Doc. 9, p. 17–18.)

Having found that Apostolidis's claims in Count IV alleging violation of the FLSA are to be dismissed, this claim alleging retaliation in violation of the FLSA will also be dismissed.  As Defendants point out, the FLSA's anti-retaliation provision makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding *under or related to this Act*."  29 U.S.C. 215(a)(3) (emphasis added).  But Apostolidis's allegations and associated claims, including her FLSA claim, relate to failure to pay service charges and are unrelated to minimum wage or overtime pay.  Thus, there is no indication that her allegations qualify as "under or related" to the FLSA.  Therefore, Apostolidis's retaliation claim in violation of the FLSA fails as a matter of law and will be dismissed.

### 3.  Retaliatory wrongful discharge claim in violation of Pennsylvania public policy

Defendants argue that Apostolidis's public policy retaliatory wrongful discharge claims fail because they are premised on unidentified COVID-19 protocols and wage payment, and because they fail to allege that HERCO asked its employee to commit a crime, prevented its employee from complying with a duty imposed by statute, or discharged its employee despite a statute expressly prohibiting discharge.  (Doc. 9, p. 20–23.)  Apostolidis concedes to the dismissal of the retaliation claims in violation of Pennsylvania public policy.  (*Id.* at 20.)  Therefore, the court will dismiss Count V insofar as it raises the retaliation claim for violation of Pennsylvania public policy.

### D. The court will dismiss Count VI.

The complaint alleges that, following her termination in September of 2021, Apostolidis learned that Fisher and Wing had informed numerous individuals, including HERCO employees and the public, that Apostolidis had quit her employment at HERCO.  (Doc. 1, ¶ 109.)  Apostolidis's complaint alleges that this sharing of information was a breach of confidentiality.  (*Id.* ¶¶ 106–12.)

Defendants point out that Apostolidis provides no statute, regulation, case law, or agreement on which to base this claim.  (Doc. 9, p. 24; *see* Doc. 1, ¶¶ 106–12.)  In her brief in opposition, Apostolidis does not cite any legal authority. (Doc. 16, p. 20–21.)  Instead, she points to a section of the HERCO employee

11

handbook entitled "Confidentiality in the Workplace." (*Id.*) Defendants respond by noting that, when considering a motion to dismiss, courts should only consider allegations contained in a complaint, exhibits attached to the complaint, and matters of public record. (Doc. 19, p. 14 (citing *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)).)

Apostolidis has failed to cite any legal authority to suggest a cognizable claim under the facts she has alleged in the complaint. Therefore, the court will dismiss this claim.[4]

### E. The court will dismiss Count VII.

Apostolidis alleges in Count VII that Wing and Fisher engaged in a "concerted effort" to share untruths about her with employees and clients within the Hershey community amounting to defamation. (Doc. 1, ¶ 114.) Specifically, Apostolidis alleges that Wing and Fisher falsely shared that Apostolidis quit her employment at HERCO, and that this sharing of false statements was an attempt to harm Apostolidis's reputation in the community, as well as an attempt to harm her financially, professionally, and personally. (*Id.* ¶¶ 115–16.) In response, Defendants argue that Apostolidis has not alleged sufficient facts to state a claim

---

[4] Because they are not part of her complaint, the court does not consider Apostolidis's allegations about the employee handbook in resolving this motion to dismiss. But the court notes that there is Pennsylvania case law holding that "the provisions of employee handbooks do not create contract rights for employees." *Frame v. Berkey Photo, Inc.*, No. 85-5832, 1987 U.S. Dist. LEXIS 1207, at *1 (E.D. Pa. Feb. 3, 1987).

for defamation, specifically when, where, and to whom Wing and Fisher made the alleged statements.  (Doc. 9, p. 25.)

This court has held that a plaintiff alleging defamation must state the source and substance of the communication at issue, as well as the date and circumstances under which specific statements were made.  *Shoul v. Select Rehab., LLC*, No. 1:21-CV-00836, 2022 U.S. Dist. LEXIS 105361, at *23-24 (M.D. Pa. June 13, 2022) (citations omitted).  Although a plaintiff need not plead the defamatory statement with exact precision, district courts within the Third Circuit have held that plaintiffs alleging defamation must plead specific facts to identify "by whom, or to whom, the allegedly defamatory statements were made, what words were uttered, or when the statements were made."  *Novartis Pharm. Corp. v. Bausch & Lomb, Inc.*, No. 07-5945, 2008 U.S. Dist. LEXIS 92133, at *18 (D.N.J. Nov. 13, 2008); *see also Minielly v. ACME Cryogenics, Inc.*, No. 15-6164, 2016 U.S. Dist. LEXIS 40905, at *16–21 (E.D. Pa. Mar. 28, 2016).

Here, Apostolidis has only alleged that Wing and Fisher spread "false, destructive, and defamatory rumors" about Apostolidis "[f]ollwing her termination in September 2021." (Doc. 1, ¶¶ 114, 117.)  Further, Apostolidis only alleges that these rumors were shared "within the Hershey community."  (*Id.* ¶ 114.) Apostolidis has not alleged to whom specifically the comments were made, when specifically they were shared, or exactly what the comments were.  Without these

facts specified, Apostolidis has failed to sufficiently plead a claim for defamation. Therefore, Count VII will be dismissed.

### F. Dismissal with and without prejudice

Defendants ask the court to dismiss the counts addressed in the motion with prejudice.  (Doc. 9, p. 27.)  Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court has held that amendment should be freely given, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In accordance with Rule 15(a)(2), the court will grant leave to amend Count I, Count VI, and Count VII.  The court finds that, based on the analysis contained herein, Apostolidis should be granted leave to allege additional facts that would meet the required elements for each of these claims.

The court will dismiss Count IV with prejudice because Apostolidis' allegations are unrelated to minimum wage or overtime and therefore granting leave to amend would be futile.  The parties agree to dismissal of Count V insofar as it relates to Wing and Fisher, and as it alleges wrongful discharge in violation of

14

Pennsylvania public policy.  Therefore, these claims will also be dismissed with prejudice.  As the court has found that Count IV alleging violation of the FLSA will be dismissed with prejudice, the court will also dismiss Count V, insofar as it alleges violation of the FLSA, with prejudice.

## CONCLUSION

For the reasons stated herein, the court will dismiss Count I alleging violation of the ADA insofar as it extends to Wing and Fisher; Count IV alleging violation of the FLSA; Count V alleging ADA retaliation with regard to Wing and Fisher, retaliation in violation of the FLSA, and retaliation in violation of Pennsylvania public policy; Count VI alleging breach of confidentiality; and Count VII alleging defamation.  An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 29, 2023